### J. H. CLAYTON V. THE STATE.

No. 4473.    Decided May 30, 1917.

**1.—Aggravated Assault—Simple Assault—Charge of Court.**

Where upon trial of aggravated assault, and a conviction of simple assault, the court properly submitted the law on aggravated assault, and also upon subdivision 3, article 1013, Penal Code, as to the use of dangerous weapons, etc., the contention that this was fundamental error is not tenable; besides, no objection was raised to the charge before it was read to the jury. Shuffield v. State, 62 Texas Crim. Rep., 556, and other cases.

**2.—Same—Former Jeopardy—Disturbing Peace—Simple Assault.**

The contention that defendant could plead in bar a judgment of the Justice Court against defendant for disturbing the peace is untenable, as the two offenses are separate and distinct.

**3.—Same—Charge of Court—Inadvertency—Objections to Charge.**

Where defendant was aware when the court submitted to him for examination the charge, that an inadvertent mistake occurred as to the date of the commission of the offense, and did not make objection thereto until after trial, the matter can not be reviewed on appeal, besides, the jury could not have been misled. Following Giles v. State, 70 Texas Crim. Rep., 561, and other cases

**4.—Same—Requested Charge.**

Upon a trial of aggravated assault and a conviction of simple assault, the court correctly refused a requested charge that defendant had the legal right to carry the gun upon his own premises, as the evidence did not call therefor.

Appeal from the County Court of Angelina. Tried below before the Hon. E. B. Robb.

Appeal from a conviction of simple assault; penalty, a fine of ten dollars.

The opinion states the case.

*S. H. Townsend,* for appellant.—On question of court's charge: Smith v. State, 51 Texas Crim. Rep., 645; Tucker v. State, 28 Texas Crim. App., 541.

On question of former jeopardy: Corbett v. State, 63 Texas Crim. Rep., 478, 140 S. W. Rep., 342; Williams v. State, 58 Texas Crim. Rep., 193.

On question of insufficiency of the evidence: Matthews v. State, 10 Texas Crim. App., 279; Taylor v. State, 27 id., 44.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of court's charge: King v. State, 61 Texas Crim. Rep., 427; Yelton v. State, 170 S. W. Rep., 318.

On question of former jeopardy: Chaney v. State, 48 Texas Crim. Rep., 533.

PRENDERGAST, JUDGE.—Under an indictment duly transferred to the County Court charging appellant with an aggravated assault upon Sam Traweek, appellant was convicted of a simple assault and fined $10. The indictment charged that on or about June 15, 1916, appellant, in said county, did then and there unlawfully with a gun, the same being a deadly weapon, commit an aggravated assault in and upon said Traweek.

It is unnecessary to recite the evidence. It was amply sufficient to show that appellant committed an assault upon said Traweek at the time and place charged, by the use of a gun, a dangerous weapon, and the semblance thereof, in an angry and threatening manner with intent to alarm him and under circumstances calculated to effect that object, under the third clause of article 1013, P. C.

The court properly stated to the jury what the indictment charged against appellant and then fully and accurately defined the offense of an assault, both simple and aggravated, as expressly defined by the

statute, and in the charge literally followed the language of the law and gave' just such charge as is necessary, proper and usual as to the offense. In doing this, he told the jury what was meant by "coupled with an ability to commit an assault," copying in full article 1013, P. C. Appellant, for the first time after the trial, complained of the court's charge wherein he copied the last clause of subdivision 3, article 1013, which is: "But the use of any dangerous weapon or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault," and in effect claiming that as appellant was convicted under this clause, giving such charge was fundamental error and was the conviction of appellant for an offense not charged in the indictment. Appellant's contention can not be sustained. All of the authorities are directly and pointedly against him. Smith v. State, 57 S. W. Rep., 949; and cases therein cited; Werner v. State, 5 Texas, 230, 68 S. W. Rep., 681; Smith v. State, 62 Texas Crim. Rep., 283; Yelton v. State, 75 Texas Crim. Rep., 38, 170 S. W. Rep., 319; Vann v. State, 43 Texas Crim. Rep., 245; Shuffield v. State, 62 Texas Crim. Rep., 557. It is unnecessary to cite other authorities.

Appellant pleaded that on June 14, 1916, in the Justice Court a valid complaint was filed against him, charging him "for disturbing the peace by the use of loud, vociferous language, cursing, vulgar and indecent language in a manner to disturb the peace"; that he later pleaded guilty thereto and judgment was rendered against him on his plea of guilty and he paid the costs and fine before this trial. He claimed that this prior conviction was former jeopardy and prevented his trial and conviction in this case. It is clearly seen that the two offenses are in no sense the same, and that his conviction for disturbing the peace would not be former jeopardy to prevent his conviction in this case. We deem it unnecessary to collate the authorities on this point, but see 2 Vernon's Ann. Crim. Stats., p. 18, where some of the cases are cited.

The court, in submitting the case to the jury for a finding, told them if they believed beyond a reasonable doubt, etc., that appellant committed the assault on or about June 15, *1917*, instead of *1916*, thus inadvertently stating the date as June, 1917, instead of June, 1916. Appellant shows that he discovered this mistake when the court submitted his charge to him before the argument began and before it was read to the jury. He did not then call the court's attention to it, as he should have done. Of course, if he had, the court would immediately have corrected the mistake. He waited till after the case was tried and the verdict rendered, when he raised the question in his motion for a new trial. The whole record, the indictment, the evidence, the charge of the court otherwise,—all fix the date as June 15, 1916, without any sort of doubt. The case was tried in January, 1917, and of course the jury were not, and could not, have been misled by this mistake in the year in the court's charge. This question has also

been expressly and repeatedly decided against appellant.   Giles v. State, 70 Texas Crim. Rep., 561; White v. State, 61 Texas Crim. Rep., 498; Skinner v. State, 69 Texas Crim. Rep., 488.

The court did not err in refusing appellant's special charge to the effect that he had the legal right to carry the gun upon his own premises or premises under his control.   No such charge was called for.

The judgment is affirmed.

*Affirmed.*