TOM MARR V. STATE

No. 26,929.  April 14, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 2, 1954

*J. C. Darroch*, Brownwood, and *J. Edward Johnson* of *Johnson & Abney* (on appeal only) Dallas, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder without malice; the punishment, two years.

Neither of the participants testified. The injured party was killed in an automobile accident after the assault and prior to the trial. The testimony of state and defense witnesses presents no substantial conflict and may be summarized.

It was shown that the injured party and his companions had been to a dance the night before the assault, had slept in their automobile and presented themselves at appellant's home early the next morning, where a drinking duel took place between the appellant and the injured party. These parties were relatives, and no prior difficulty between them was shown. As their drunkenness progressed they became quarrelsome, and finally the appellant stabbed the injured party in the chest with a pocket knife.

No witness testified that the injured party was armed or made any threatening gesture toward or even struck the appellant. The most that the evidence shows is that appellant's wife heard the injured party say, "Well, are you ready to wrestle, Tom"; that Tom answered, "No, but I don't think you ought to have called me a G.d.s.o.b."; to which the injured party replied, "Shut your mouth, Tom Marr, you G.d.s.o.b." Since the issue of self defense was not raised by the evidence, appellant's objection to the charge on this issue will not be discussed.

The only serious question in the case is the sufficiency of the evidence to support the allegation of intent to murder. Appellant's knife was introduced in evidence, but no description thereof given. The injured party's physician testified for the accused and did not say in so many words that the stab wound was such an injury as might result in death. From his testimony, however, we do learn the following: that the injured party was admitted

to the hospital on March 22 and was treated there until April 14; that on the first day an X-ray was taken, and it revealed blood in his chest; that the day following a big needle was stuck in his chest and one-half pint of blood drawn therefrom; that thereafter four more punctures were made, and blood was drawn in all except the last in the total of two pints; that the injured party was given one or two-pint blood transfusions; that the presence of the blood in the chest caused the heart to be displaced.

From the testimony of Dr. Mayo, the radiologist at the hospital where the injured party was confined for three weeks following the stabbing, we learn the following: that he took ten X-ray pictures of the injured party's chest at the request of the attending physician during the month following the cutting; that each revealed fluid in the pleural cavity surrounding the lung in varying quantities as the patient progressed, resulting from internal bleeding; that the pleura, which is the lining that covers the lung, was punctured but that the lung itself was not.

Under the foregoing testimony the injury inflicted appears to us to have been a serious one, an injury such as would give rise to apprehension of danger to life, health or limb.

The evidence further shows that after this wound was inflicted appellant again approached the injured party with his knife; however, his wife deterred him from reaching the injured party, who ran outside the fence. Appellant "made a lunge" at the witness Cleatus when he asked appellant to hand the knife over to him and did not replace the knife in his pocket until persuaded to by his wife.

In the light of appellant's drunken condition (which is no defense to crime) and the foregoing testimony, we are unable to agree that the jury was not warranted in finding that the assault was with the intent to kill.

Finding no reversible error, the judgment of the trial court is affirmed.