HENRY MCGOWAN v. STATE

No. 31,376. January 27, 1960

*John P. Spiller,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson,* Jr., Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is unlawful possession of a narcotic drug; the punishment, 20 years.

No statement of facts has been filed, and there are no bills of exception.

By brief and oral argument reversal is sought upon the ground that there is fundamental error in the charge of the court.

Trial was on June 2, 1959, upon indictment returned in October 1958, alleging the offense to have been committed on or about October 6, 1958.

The charge correctly stated the offense and the date of its commission as alleged in the indictment.

In applying the law, the jury was authorized to convict upon a finding that appellant committed the offense "on or about the 6th day of October, A.D. 1959, in the County of Harris and State of Texas, as charged in the indictment."

The question of the sufficiency of the court's charge is not before us, not having been raised before verdict in the trial court and presented by formal or informal bill of exception.

If before us, we hold that the error in the charge, which appears to be a clerical error, in the absence of objection, exception or requested charge, is not such as to warrant reversal.

Art. 666 C.C.P. provides that the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial trial.

Clayton v. State, 81 Tex.Cr.R. 385, 197 S.W. 591, supports our holding that the error in the charge could not have misled the jury or injured the rights of the appellant.

The judgment is affirmed.