**Elmer BYRD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36342.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Sidney Callender, San Antonio, for appellant.

James E. Barlow, Dist. Atty., James E. Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge

The offense is burglary with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Appellant was seen by Officer Edmondson as he left a bar which had been burglarized and he was finally apprehended some distance away by the said officer, following a chase in which appellant was shot three times. He had in his possession a money box which had been taken from the music machine in the bar.

The prior convictions were established.

Appellant testifying in his own behalf admitted having the money box in his possession on the night in question, but stated that he had taken it from one Williams, who had confessed to him that he had broken into the bar in question, and that he (appellant) was in the act of returning it to its rightful owner when someone shone a light into the bar, at which time he panicked and ran with the money box rather than setting it down in the bar.

The jury resolved the conflict in the evidence against appellant, and we find the evidence sufficient to support the conviction.

Court appointed attorneys have raised two questions on this appeal. One of the prior convictions alleged in the indictment for enhancement was numbered 56,445. The proof showed it to be Cause # 56,445. When the court referred to such conviction in his charge, to which there was no objection, he referred to the cause as # 46,445. It is appellant's contention that this constitutes a fatal variance. We do not agree: As stated, the allegation and the proof correspond. Having failed to object to the charge, appellant waived any error therein. Redding v. State, 166 Tex.Cr.R. 517, 316 S.W.2d 724; Redman v. State, 162 Tex.Cr.R. 524, 287 S.W.2d 676; Lopez v. State, 162 Tex.Cr.R. 533, 287 S.W.2d 946; Marr v. State, 160 Tex.Cr.R. 216, 268 S.W.

2d 150; and Jackson v. State, Tex.Cr.App., 80 S.W. 83. This is not a fundamental defect, as all the other particulars concerning the prior conviction correspond minutely.

■ Appellant's remaining complaint concerning the taking of the indictment into the jury room during the deliberation does not constitute reversible error. In Lindsey v. State, 108 Tex.Cr.R. 187, 299 S. W. 399, 400, this Court said: "The indictment is ordinarily read to the jury, the accused pleads thereto, and the indictment is taken into the jury room upon retirement. We think such practice is entirely proper."

Finding no reversible error, the judgment is affirmed.