Charlie COLEMAN

v.

The STATE of Texas.

No. C14–81–378–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 3, 1982.

Rehearing Denied July 15, 1982.

Discretionary Review Refused Oct. 6, 1982.

Donald Bankston, Houston, for appellant.

James Brough, Asst. Dist. Atty., John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, JAMES and MORSE, JJ.

MORSE, Justice.

This is an appeal from a conviction for murder. Punishment, enhanced by a prior

felony conviction, was assessed by a jury as life imprisonment. We affirm the judgment of the trial court as reformed.

Appellant has come before this Court with three grounds of error. In his first ground of error, appellant contends that the trial court erred when charging the jury on murder and voluntary manslaughter.

■ Appellant contends that the charge submitted to the jury was fundamentally defective under the holding of the Texas Court of Criminal Appeals in *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980). In that case, the court held it was fundamental error if the trial court (1) failed to require as a prerequisite to a conviction for murder a finding beyond a reasonable doubt appellant was not acting under the immediate influence of sudden passion arising from an adequate cause, and (2) required as a prerequisite for a conviction for the lesser included offense of voluntary manslaughter a finding beyond a reasonable doubt that appellant was acting under the immediate influence of sudden passion. However, the March 26, 1980 *Ayers* opinion was withdrawn by the court in the en banc opinion by Judge Phillips in *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980). In this opinion, the court re-assessed its earlier position and stated:

> *In any event,* it is not clear that fundamental error was committed. As the panel noted near the end of its opinion, *the court charged the jury that if it was convinced appellant was guilty either of murder or voluntary manslaughter, but was not sure of which offense he was guilty; it should resolve any doubt in appellant's favor and find him guilty of voluntary manslaughter.* The jury would find itself in the dilemma foreseen by this portion of the charge only if it was convinced beyond a reasonable doubt that appellant intentionally or knowingly killed the victim, but was unsure whether appellant had done so while under the immediate influence of sudden passion arising from an adequate cause. In that event the jury was properly instructed to

convict appellant of voluntary manslaughter. *Although inartfully structured, the court's charge does not appear to be fundamentally defective.* [Emphasis added.]

In the case presently before us, the charge submitted to the jury included a paragraph which instructed the jury that if it found beyond a reasonable doubt that the defendant was guilty of murder or voluntary manslaughter, but had a reasonable doubt as to which offense, he was guilty of the lesser offense of voluntary manslaughter. Therefore, the charge submitted by the trial court was not fundamentally defective under the *Ayers* decision and appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the case should be remanded for a new trial because the trial court instructed the jury that the permissible range of punishment was 15 years to life and a fine of $10,000 when in fact the proper range of punishment was 15 years to life and no fine.

In the case *Daniels v. State,* 527 S.W.2d 549 (Tex.Cr.App.1975), the Court of Criminal Appeals addressed a similar issue when a trial court's charge on voluntary manslaughter failed to instruct the jury that in addition to imprisonment, that a fine could be assessed up to $10,000. In holding that there was no reversible error, the court stated:

> Some of the early cases held that the submission of an incorrect charge on punishment required reversal of the judgment, even though harm or prejudice was not shown.... Now, however, the rule is well established that the submission of an incorrect charge on punishment does not require reversal of the judgment *unless harm or prejudice is shown.* [Emphasis added].

In the case at bar, appellant's attorney expressly waived any objection to the charge. There was no mention of a fine by the prosecution or by appellant's attorney in their final arguments. The jury did not assess a fine and there was no showing by evidence that the jury considered the possi-

bility of a fine in determining the punishment. Since no harm or prejudice has been shown, appellant's second point of error is overruled.

In his third ground of error, appellant contends that he should have been granted a mistrial due to the fact that certain jurors saw him in handcuffs during the trial of the case and before deliberations on guilt or innocence. This ground of error is founded upon the voir dire testimony of Mrs. Watkins, a juror in the case. Mrs. Watkins testified that prior to the jury's deliberations on guilt or innocence, she saw the bailiff bring the appellant from the elevator down the hallway outside the courtroom and that the appellant was in handcuffs. Mrs. Watkins further testified that seeing the appellant in handcuffs did not influence her verdict in any manner and that she did not mention the incident to any of the other jurors.

■ Appellant is correct in asserting that it is an infringement upon a defendant's constitutional right to the presumption of innocence, to have him appear before the jury in handcuffs. *Moore v. State,* 535 S.W.2d 357 (Tex.Cr.App.1976); *Walthall v. State,* 505 S.W.2d 898 (Tex.Cr.App.1974). Certain "rare exceptions" in which a defendant may be tried without removing the handcuffs were set out in *Gray v. State,* 99 Tex.Cr.R. 305, 268 S.W. 941 (1924), in which the court stated:

> . . . if, in the sound discretion of the court, it appears necessary to retain his shackles to prevent the escape or self-destruction of the prisoner, or to prevent him from injuring bystanders or officers of the court, or if necessary to maintain a quiet and peaceable trial, the court may try the prisoner without having the shackles removed; his action being subject to the closest scrutiny and review by the appellate court.

Appellant argues that since there was no evidence introduced to show that a "rare exception" existed and that appellant needed to be handcuffed, that the trial court abused its discretion in not granting a motion for new trial. In resolving a similar fact situation in *Wright v. Texas,* 533 F.2d 185 (5th Cir.1976), the Federal judge wrote:

> It cannot be said that state officers act unreasonably in handcuffing a defendant being transported to and from the courtroom, especially when, as here, the defendant was charged with murder with malice. The inadvertent view by a juror of the defendant in such a situation cannot be said to be so inherently prejudicial as to be incapable of correction had the defendant made a timely objection. It must be assumed that rational jurors would understand and follow a proper instruction that handcuffing persons in custody for transportation to and from the courtroom is a reasonable precaution that in no way reflects upon the presumption of innocence or the individual propensities of any defendant. There is no indication in this record that Wright's jurors were otherwise inclined.

We feel that this reasoning is applicable to the case at bar. Although Mrs. Watkins testified that three other jurors were standing in the hallway with her that morning, there was no indication that anybody except Mrs. Watkins noticed appellant being brought out of the elevator in handcuffs. Even if the others did see appellant, Mrs. Watkins testified that nothing was mentioned about the incident in the jury deliberation room. Although the State should be careful to avoid allowing the jurors to see the defendant in handcuffs while he is being transported to the courtroom, we feel that the accidental glimpse that Mrs. Watkins had of the appellant in this case is not of such prejudicial effect as to have deprived appellant of a fair trial. Appellant's third point of error is overruled.

■ In its brief, the State points out that appellant was sentenced in open court on February 23, 1981, and the court reporter's transcription shows it was effective as of November 29, 1980. Due to a clerical error, the sentence states that it is to become effective on November 29, 1981, a date subsequent to the date of sentencing in open court. Where this court has the necessary data and evidence before it for reformation,

the judgment and sentence may be reformed upon appeal. *Tamez v. State*, 620 S.W.2d 586 (Tex.Cr.App.1981); *Knight v. State*, 581 S.W.2d 692 (Tex.Cr.App.1979). We reform the sentence to show that it became effective as of November 29, 1980.

The trial court's judgment is Affirmed as reformed.