**Frank Earl THOMAS, Appellant,**

v.

**The STATE of Texas, State.**

No. 2-91-322-CR.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1993.

Roger D. Shipman, Denton, for appellant.

Bruce Isaacks, Dist. Atty., David C. Colley, David Holmes, Paige Miller, Asst. Dist. Attys., Denton, for State.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

OPINION

LATTIMORE, Judge.

Frank Earl Thomas was indicted for the offense of robbery, a second degree felony under TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). As an enhancement count, the indictment also alleged one previous felony

conviction for robbery. On September 12, 1991, the jury found Thomas guilty of the primary robbery offense charged. At the punishment phase of the trial, Thomas pled "true" to the enhancement allegation and the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for eighty years.

We affirm.

■ In his first point of error, Thomas asserts that the trial court committed fundamental error in the punishment charge by incorrectly stating the cause number of the previous robbery conviction used to enhance his punishment. The indictment alleged that "on June 16, 1989 in cause number F–89–379–A, in Denton County, Texas, the defendant was convicted of the felony of ROBBERY in the 16th Judicial District Court." The court instructed the jury, however, that:

> Paragraph Two of the indictment alleges that the defendant, FRANK EARL THOMAS, was convicted on or about June 16, 1989, in Cause No. F–91–147–A in the Judicial District Court of Denton County, Texas, of the offense of Robbery, a felony, and that such conviction had become final prior to the commission of the offense of which you have just found him guilty. To this allegation in Paragraph Two of the indictment the defendant has pleaded "true."

> You are instructed to find the allegations contained in Paragraph Two of the indictment to be true as charged.

Thomas argues that because F–91–147–A is actually the cause number of the primary robbery offense for which he was tried on September 12, 1991, the court effectively instructed the jury that he pled true to being convicted of that offense. He contends that this was fundamental error because it caused confusion in the minds of the jurors as to how they could find that Thomas had been convicted in cause number F–91–147–A on June 16, 1989, and also tried for an offense charged under that same cause number on September 12, 1991.

Thomas cites *Uribe v. State*, 688 S.W.2d 534, 538 (Tex.Crim.App.1985) for the statement that:

> The court's misdirection thus harms the defendant because the jury is instructed to consider his offense as more serious than the law grades it. Although the jury assessed punishment within the lawful range, an appellate court will not presume that the jury would have assessed the same punishment if the jury had been correctly instructed that the law holds the offense to deserve a lesser maximum punishment.

*Id.* This statement has no bearing on the question presented in the instant case. In *Uribe*, the trial court instructed the jury on a range of punishment more severe than that authorized by law. *Id.* at 536. The court of criminal appeals held that unlawfully subjecting the defendant to a greater penalty deprived him of a fair and impartial trial. *Id.* at 539.

■ In the instant case, the jury was merely instructed on the wrong cause number of the enhancement offense. That error alone did not subject Thomas to any greater penalty because he had already pled "true" to the enhancement allegation in the indictment. A plea of "true" is sufficient evidence to support an enhancement allegation and makes punishment at the enhanced level mandatory. *See Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Crim. App.1984); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.) (opinion on reh'g), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981).

We hold that the trial court's mistaken use of the cause number of the primary offense instead of the enhancement offense, although erroneous, appears to have been merely clerical and, therefore, could not have misled or confused the jury so as to constitute fundamental error. *See McGowan v. State*, 169 Tex.Crim. 12, 331 S.W.2d 306, 307 (Tex.Crim.App.1960); *Clayton v. State*, 81 Tex.Crim. 385, 197 S.W. 591, 592 (1917). Where no proper objection is made at trial, reversal is required only if there is "fundamental error" which is defined as error so egregious and

creating such harm that the defendant has not had a fair and impartial trial. *See* TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

We are aware that *McGowan* and *Clayton* are pre-*Almanza* decisions and, therefore, may not have been based on the concept of "fundamental error" as being error so egregious that it deprives the defendant of a fair and impartial trial. *See Cartwright v. State,* 833 S.W.2d 134, 136–37 (Tex.Crim.App.1992) (pointing out that "fundamental error" did not necessarily bear an essential relationship to a denial of a fair and impartial trial before *Almanza* ). Nonetheless, we believe the logic of those cases to be sound on the question of the harm caused by clerical errors in the jury charge.

In *Clayton,* the trial court had inadvertently instructed the jury that the charged offense was committed on June 15, 1917, instead of 1916. *Clayton,* 197 S.W. at 591. The court of criminal appeals reasoned that, despite this incongruity, "[t]he whole record, the indictment, the evidence, [and] the charge of the court otherwise, all fix[ed] the date [the offense was committed] as June 15, 1916, without any sort of doubt. The case was tried in January 1917, and of course the jury [was] not, and could not, have been misled by this mistake in the year in the court's charge." *Id.* at 592.

In the instant case, the whole record, including the indictment, pen packet, and statement of facts, fixes the cause number of the offense used to enhance Thomas's punishment as F–89–379–A. Furthermore, at the punishment stage the jury had just returned a guilty verdict against Thomas for the offense charged in cause number F–91–147–A. Thus, the jury could not have been misled by the mistake in the cause number in the court's charge. The first point of error is overruled.

 In his second point of error, Thomas complains that the trial court erred by excluding Defendant's Exhibit Number 2. We are unable to consider the merits of this point because the record does not reveal what this excluded exhibit would have shown. Thomas had the burden to see that a sufficient record was presented to show error requiring reversal. TEX.R.APP.P. 50(d), 53(k). The record does show that Thomas had Defendant's Exhibit Number 2 marked for identification and requested that it be admitted into evidence. However, after the State's hearsay objection to the exhibit was sustained, there is no indication that Thomas made any further attempt to get the excluded evidence into the court's file so that it could be reviewed on appeal. The second point of error is overruled.

The judgment of the trial court is affirmed.