Tony Trent Hall















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-162-CR

     TONY TRENT HALL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 212th District Court
Galveston County, Texas
Trial Court # 96CR1859
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                
 
      Appellant Hall appeals his conviction for aggravated assault (enhanced by one prior felony
conviction), for which he was sentenced to 18 years in the Institutional Division of the Texas
Department of Criminal Justice.
      Oliver Rollins, the complainant, testified that on June 29, 1996, he was at his grandmother's
home playing dominoes with his cousins. At 1:00 a.m. he saw Appellant and Bryan Peterson walk
into the yard. Peterson was holding a pistol. Appellant yelled, "he wanted to kill a Jenkins." 
Rollins, who is a member of the Jenkins family, walked backwards toward his uncle Otis Jenkins'
house which was next door. While walking toward the Jenkins house, he saw Appellant was
holding the pistol. Rollins knocked at the door of his uncle's house and, when the door was
opened, Appellant began shooting at Rollins. He saw Appellant aim the pistol at him and heard
him say, "I been wanting to shoot you anyway, Pipe (Rollins’ nickname)” Otis Jenkins, Rollins'
uncle, telephoned the police. Rollins noticed two bullet holes in the door and above the window. 
One bullet missed his head by six inches.
      Otis Jenkins testified he had known Appellant his entire life. He testified that he was asleep
at 1:00 a.m. on June 29 when he was awakened by Rollins' knock at his door. When he opened
the door he saw Appellant running up the driveway saying, "he had been wanting to shoot a
Jenkins anyway." He saw Appellant had a gun in his hand, saw him aim and begin shooting in
their direction. Appellant and Peterson fled as the police arrived but were arrested down the street
a short time later. Jenkins identified the bullet holes in his house and testified that Rollins, his
nephew, was standing only inches from where one of the bullets impacted.
      Deputy McDonald testified he processed the crime scene and observed two holes in the house
near the front door. He also performed a gunshot residue test (atomic absorption test) on
Appellant later that morning. He said he arrived at the crime scene at 2:52 a.m. and left at 4:57
a.m. and that the test was made during that time frame. McDonald also testified it was best to
perform the test as soon as possible after the shooting as the test might not be good if made more
than two hours after the shooting.
      Anthony Green testified he lived just down the street from Rollins' grandmother's home; that
Peterson dropped him off at his house and then went down the street to Rollins’ grandmother's
house. He testified he heard shots; that he saw Appellant did not have a gun in his hand; that he
did not, however, know who did the shooting.
      Appellant was indicted in a two-count indictment (enhanced by one prior felony conviction): 
Count 1 for attempted murder of Rollins, and Count 2 for aggravated assault of Rollins.
      The jury convicted Appellant of the lesser offense, i.e., aggravated assault, and found the
enhancement allegation "true", and assessed Appellant's punishment at 18 years in prison.
      By new counsel Appellant appeals on two points of error.
      Point 1: "The conviction is void because, given the totality of the circumstances, counsel did
not render effective assistance."
            Strickland v. Washington, 466 U.S. 668 and Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986), set the standard for analyzing a claim of ineffective assistance of counsel. 
The cases adopted a two-pronged analysis for reviewing ineffective assistance: (1) trial counsel’s
performance was deficient in that he made such serious errors that he was not functioning
effectively as counsel, and (2) the deficient performance prejudiced the defense to such a degree
that Appellant was denied a fair trial. To show prejudice, “the defendant must show that there is
a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.” A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. at 694. The burden of proving ineffective assistance is on the
defendant and it must be proved by a preponderance of the evidence. Moore v. State, 694 S.W.2s
528, 552 (Tex. Crim. App. 1985). And when reviewing a claim of ineffective assistance, “ a
court must indulge a strong presumption that counsel’s conduct falls within a wide range of
reasonably professional assistance”; that is, the defendant must overcome the presumption that,
under the circumstances, the challenged action or omission “might be considered sound trial
strategy.” Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994). Any allegations of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Ex parte Cruz, 739 S.W.2d 53, 57 (Tex. Crim. App
1987).
      Specifically, Appellant alleges he was denied effective assistance by counsel's failure to
present exculpatory evidence to the jury. He alleges the State subpoened Juan Rojas, a chemist,
with the Texas Department of Public Safety, but did not call him to testify. Deputy McDonald
had testified he conducted an atomic absorption test on Appellant to determine if there was
gunpowder on Appellant's hands; that he took a sample and "sent it in." Appellant's counsel
wanted McDonald to testify as to the results of the test but the trial judge sustained the State's
objection to such testimony, and said to counsel, "you could have called the chemist. I told you,
you could, and we would have gotten him down here; and since nobody called the chemist, you
can't go into it."
      Appellant urges that the trial counsel failed to insure that the chemist, Rojas, was present, thus
failing to present exculpatory evidence, i.e., alleged negative results of the test before the jury;
and that counsel's error was so serious that he was not functioning as guaranteed by the Sixth
Amendment; and that the inability of the jury to consider the alleged negative results of the test
prejudiced appellant to the point he was deprived of a fair trial.
      Trial counsel was faced with two eyewitness who testified Appellant was the shooter after
making threats against Rollins. There was evidence that the atomic absorption test is performed
by rubbing the hands of the suspect and having the “rubbings” analyzed for the presence of
gunpowder; that the test needs to be made immediately after the firing of the weapon or no later
than two hours after the firing of a weapon. The shooting occurred around 1:00 a.m. Deputy
McDonald conducted the test no earlier than 2:52 a.m. and it could have been as late as 4:57 a.m. 
Under either scenario it would have been outside the preferred two-hour time frame.
      The record does not reflect the results of the test but, assuming they were negative as to
Appellant, that evidence could have been easily rebutted by the State showing the time lapse
between Appellant’s firing the weapon and having his hand swabbed; and the fact that he was
inside a patrol car with an opportunity to rub his hands on foreign material. Appellant has not
established either prong of Strickland and Hernandez.
      Additionally, Appellant’s counsel stated in closing argument that Deputy McDonald had
performed the atomic absorption test on Appellant’s hands, but the State “didn’t go any further.” 
Thus, trial counsel implied to the jury the State was either negligent in not analyzing the swabbing
or that an analysis might not have been favorable to the State. This indicates that a strategy
decision may have been made to not call Rojos.
      Appellant has not met his burden of proving by a preponderance of the evidence that trial
counsel was ineffective.
      Point 1 is overruled.
      Point 2: “Appellant was denied effective assistance of counsel by counsel’s failure to insure
Appellant’s plea before the jury was made with the right cause number.”
      Appellant was arraigned outside the presence of the jury. The judge called the case: Cause
No. 96CR1859, the State of Texas v. Tony Trent Hall. Both sides announced “ready” and
Appellant pled “not guilty.” The parties returned to open court and, in the presence of the jury
panel, the case was called for trial as Cause No. 96CV1859, the State of Texas v. Tony Trent
Hall. 
      Appellant has not shown that he was harmed by the trial judge inadvertently referring to the
indictment cause as CV instead of CR. Ayer v. State, 606 S.W.2d 936, 940 (Tex. Crim. App.
1980).
      Since Appellant was not harmed, the trial counsel’s failure to object cannot be considered
ineffective assistance or a failure to preserve error. Trial counsel is under no obligation to make
meritless objections. Holland v. State, 761 S.W.2d 307, 318-19 (Tex. Crim. App. 1984).
      Point 2 is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 12, 1999
Do not publish



span>
HEARING ON APPELLANT'S MOTION TO REINSTATE?
      Having determined the trial court did not err in dismissing G.B.'s counterclaim against
Farmer because of improper notification of the court's intent to dismiss the case or because G.B.'s
had filed a request for a trial setting with the court, we now address G.B.'s point as to whether
the trial court erred in failing to hold a hearing on G.B.'s motion to reinstate its counterclaim
against Farmer.


 In its first point of error, G.B.'s argues the trial court abused its discretion in
failing to hold a hearing on G.B's motion because the language in Rule 165a(3) is mandatory. See
Tex. R. Civ. P. 165a(3). We agree.
      Rule 165a(3) provides that when a motion to reinstate a case dismissed for want of prosecution
is filed with the trial court the judge "shall set a hearing on the motion as soon as practicable." 
Id. The language of Rule 165a(3) does not allow the trial court discretion in whether to set a
hearing on motions for reinstatement, but requires the trial court to set a hearing on all timely filed
motions to reinstate. Thordson v. City of Houston, 815 S.W.2d 550 (Tex. 1991); Gulf Coast Inv.
Corp. v. NASA 1 Business Ctr., 754 S.W.2d 152, 153 (Tex. 1988). 
      Here, the trial court dismissed G.B.'s counterclaim on March 11, 1996. According to Rule
165a(3), G.B.'s then had 30 days to file a motion for reinstatement. Tex. R. Civ. P. 165a(3). 
G.B.'s filed its verified motion for reinstatement, along with a request for an oral hearing, on
April 10, 1996, which was within the prescribed 30-day time limit. Without holding an oral
hearing on G.B.'s motion, the trial court denied it. The trial court did not have the discretion to
deny the motion without a hearing, and, therefore, erred in doing so. See Thordson, 815 S.W.2d
at 550. 
      G.B.'s first point of error is sustained, and this cause is remanded to the trial court with
instructions to hold an oral hearing on G.B.'s motion to reinstate. 
 
 
                                                                   BOBBY L. CUMMINGS
                                                                   Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed June 18, 1997
Do not publish