

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-269-CR**

GUILLERMO RAUL VALLE                                         APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Guillermo Raul Valle of one count of aggravated sexual assault of a child under fourteen years old, two counts of indecency with a child–contact, and one count of indecency with a child–exposure. The jury assessed Appellant's punishment at confinement for life for the aggravated sexual assault, twenty years for each count of indecency with a child–contact, and ten years for indecency with a child–exposure. The

---

[1] *See* TEX. R. APP. P. 47.4.

trial court sentenced him accordingly, with the indecency sentences running concurrently with each other but consecutively to the life sentence. In his sole issue, Appellant contends that the trial court abused its discretion by failing to grant his motion for new trial based on newly discovered evidence. Because the trial court did not abuse its discretion, we overrule Appellant's sole issue and affirm the trial court's judgment.

At trial, the thirteen-year-old complainant testified that Appellant had sexually molested him when he was eight-and-a-half or nine years old. His description of the sexual acts was detailed and explicit. The complainant's father, J.G., testified only that the complainant, the police, and C.P.S. personnel had told him about the sexual acts that Appellant had perpetrated on the complainant.

After the trial, Enrique Avila told Appellant's attorney that roughly four years earlier, he had had a conversation with J.G. in which J.G. had accused a man other than Appellant of molesting his son. Appellant filed a motion for new trial based on newly discovered evidence, which the trial court denied after a hearing. Avila did not claim that the complainant had accused anyone other than Appellant of molesting him.

Article 40.001 of the code of criminal procedure provides that "a new trial shall be granted an accused where material evidence favorable to the

2

accused has been discovered since trial."[2]  A trial court's decision whether to grant a new trial based on newly discovered evidence will not be reversed absent an abuse of discretion.[3]  A defendant seeking a new trial based on newly discovered evidence must satisfy a four-part test to prove an abuse of discretion.[4]  One prong, the fourth prong in the *Ayers* test, is that the new evidence is probably true and will probably bring about a different result in another trial.[5]

The newly discovered evidence, the testimony of Enrique Avila, merely consists of statements that the complainant's father, not the complainant, had accused a man other than Appellant of molesting his son.  This evidence does not suggest that Appellant was not guilty of molesting the child.  Nor does this evidence impeach the complainant's testimony.  At most, Avila's testimony merely suggests that the complainant's father believed or suspected that someone in addition to Appellant may have molested the complainant.

In his reply brief, Appellant states, "The trial testimony of the complainant and his father make[s] clear that neither of them had experienced anything of

---

[2] TEX. CODE CRIM. PROC. ANN. art. 40.001 (Vernon 2006).

[3] *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002).

[4] *Id.* at 36-37 (discussing the *Ayers* test, *Ayers v. State*, 606 S.W.2d 936, 941 (Tex. Crim. App. 1980)).

[5] *Id.* at 37; *see also Ayers*, 606 S.W.2d at 941.

3

this sort before, and were hesitant to even speak about it to one another."

Appellant cites us to no specific portion of the record. In the interest of justice, however, we have examined the entire record carefully. Although the record shows that the complainant's father did not want to hear the details of the abuse, and it is also clear from the record that the son and father did not speak easily of the subject, nowhere in the record is there evidence that "neither of them had experienced anything of this sort before." Nor does the record make clear that the complainant's father had never suspected anyone of molesting his son either before the acts the complainant described or in the time between October 2002, the date alleged in the indictment, and July 2007, the date of Appellant's trial.

Because the testimony relied on by Appellant as newly discovered evidence does not satisfy the fourth prong of the *Ayers* test, we overrule Appellant's sole issue and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 12, 2008

4