COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-269-CR

 

 

GUILLERMO RAUL VALLE                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Guillermo Raul Valle of one count of aggravated sexual assault of a child under
fourteen years old, two counts of indecency with a childBcontact, and one count of indecency with a childBexposure.  The jury assessed
Appellant=s punishment
at confinement for life for the aggravated sexual assault, twenty years for
each count of indecency with a childBcontact, and ten years for indecency with a childBexposure.    The trial court
sentenced him accordingly, with the indecency sentences running concurrently
with each other but consecutively to the life sentence.  In his sole issue, Appellant contends that
the trial court abused its discretion by failing to grant his motion for new
trial based on newly discovered evidence. 
Because the trial court did not abuse its discretion, we overrule
Appellant=s sole issue
and affirm the trial court=s judgment.

At trial, the
thirteen-year-old complainant testified that Appellant had  sexually molested him when he was
eight-and-a-half or nine years old.  His
description of the sexual acts was detailed and explicit.  The complainant=s father, J.G., testified only that the complainant, the police, and
C.P.S. personnel had told him about the sexual acts that Appellant had
perpetrated on the complainant.

After the trial, Enrique
Avila told Appellant=s attorney
that roughly four years earlier, he had had a conversation with J.G. in which
J.G. had accused a man other than Appellant of molesting his son.  Appellant filed a motion for new trial based
on newly discovered evidence, which the trial court denied after a
hearing.  Avila did not claim that the
complainant had accused anyone other than Appellant of molesting him.








Article 40.001 of the code of
criminal procedure provides that Aa new trial shall be granted an accused where material evidence
favorable to the accused has been discovered since trial.@[2]  A trial court=s decision whether to grant a new trial based on newly discovered
evidence will not be reversed absent an abuse of discretion.[3]  A defendant seeking a new trial based on
newly discovered evidence must satisfy a four-part test to prove an abuse of
discretion.[4]  One prong, the fourth prong in the Ayers
test, is that the new evidence is probably true and will probably bring about a
different result in another trial.[5]


The newly discovered
evidence, the testimony of Enrique Avila, merely consists of statements that
the complainant=s father,
not the complainant, had accused a man other than Appellant of molesting his
son.  This evidence does not suggest that
Appellant was not guilty of molesting the child.  Nor does this evidence impeach the
complainant=s
testimony.  At most, Avila=s testimony merely suggests that the complainant=s father believed or suspected that someone in addition to Appellant
may have molested the complainant.  








In his reply brief, Appellant
states, AThe trial testimony of the complainant and his father make[s] clear
that neither of them had experienced anything of this sort before, and were
hesitant to even speak about it to one another.@  Appellant cites us to no
specific portion of the record.  In the
interest of justice, however, we have examined the entire record
carefully.  Although the record shows
that the complainant=s father did
not want to hear the details of the abuse, and it is also clear from the record
that the son and father did not speak easily of the subject, nowhere in the
record is there evidence that Aneither of them had experienced anything of this sort before.@  Nor does the record make clear
that the complainant=s father had
never suspected anyone of molesting his son either before the acts the
complainant described or in the time between October 2002, the date alleged in
the indictment, and July 2007, the date of Appellant=s trial.

Because the testimony relied
on by Appellant as newly discovered evidence does not satisfy the fourth prong
of the Ayers test, we overrule Appellant=s sole issue and affirm the trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL
B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 12, 2008











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
40.001 (Vernon 2006).





[3]Keeter
v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002).





[4]Id. at
36-37 (discussing the Ayers test, Ayers v. State, 606 S.W.2d 936,
941 (Tex. Crim. App. 1980)).   





[5]Id. at
37; see also Ayers, 606 S.W.2d at 941.