## WALTER REDDING V. THE STATE.

No. 23477. Delivered November 13, 1946.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of the offense of possessing intoxicating liquor for the purpose of sale in Fannin County, a dry area. The fine assessed was One Hundred Dollars.

The officers, under the authority of a search warrant, found in the appellant's kitchen in his home twelve pints of intoxicating liquor. The State made this proof and rested upon the presumption that he had it for sale. Appellant testifying in his own behalf claimed it was for medicinal purposes. He presented a doctor who verified his claim to the extent of saying that he had asthma and that the doctor had prescribed a small quantity for him at such times as he would be suffering from asthma. This claim constituted appellant's defense, which the jury rejected.

We have two bills of exceptions for consideration, one of which will be sustained. This bill brings to our attention the cross-examination of the accused, by the county attorney, relating to matters while appellant was under arrest. After he had testified on the trial of his case that he had the whisky for medicinal purposes he was examined, over objection, to show that when arrested he did not make that explanation to the officers arresting him. This form of examination has frequently been held to be improper. The accused has a right to keep silent when arrested, and the fact of such silence may not be shown by the State, either in testimony or in argument, as a guilty circumstance. Weatherred v. State, 89 S. W. (2d) 212.

In the instant case the examination did not relate to or rebut any statement made by accused, but presented the fact of his silence as a circumstance against him. This the State may not do. Taylor v. State, 42 S. W. (2d) 426; Stokes v. State, 71 S. W. (2d) 882.

In the Weatherred case, supra, Judge Lattimore clearly distinguishes between such testimony when presented in rebuttal of evidence offered in defense and cases in which the State has taken the initiative and made proof for the purpose of using the silence of the accused as a weapon of attack upon him. The Taylor case, supra, is a very clear and exhaustive opinion on the subject in which it is said: "The state could avail itself of appellant's silence during the time he was under arrest as evidence of guilt, or as destructive of his explanation given on the trial." The instant case is clearly controlled by the foregoing authorities.

For the reason stated, the judgment of the trial court is reversed and the cause is remanded.