LESLIE V. BOGGESS V. STATE.

No. 26,380. April 22, 1953.

*Paul Petty,* Ballinger, for appellant.

*Lawrence Jack Moore,* County Attorney, Ballinger, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated upon a public highway; the punishment, a fine of $50.

A highway patrolman, seeing appellant swerve his car from a public highway and into a borrow pit, went immediately to him. The patrolman testified that appellant was intoxicated at the time. A one-fifth bottle of whisky, about a third of which was gone, was found in the automobile.

Testifying as a witness in his own behalf, appellant denied that he was intoxicated at the time or had drunk any whisky or other intoxicating beverages. He insisted, and so testified, that he was a diabetic and, as a result of that condition, was subject to black-outs and that such a black-out caused him to lose consciousness and his car to swerve and run into the borrow ditch. Upon cross-examination, appellant, over his objection, was required to testify that at the time of his arrest he did not advise or tell the arresting officer of his diabetic condition or black-out.

Upon rebuttal, the state was permitted to prove by the deputy sheriff into whose custody the appellant was delivered after he had been brought to jail by the patrolman that the appellant at that time made no claim to being a diabetic or subject to black-outs.

Appellant objected to the introduction of such testimony because it was proving his silence, while under arrest, as to matters thereafter relied upon and claimed as a defense.

The rule is well settled that, after arrest, the state cannot avail itself of the silence of the accused as evidence of guilt

or as destructive of the explanation of his conduct. 18 Tex. Jur., Evidence—Criminal Cases, Sec. 75, at p. 150; Sharp v. State, 153 Tex. Cr. R. 96, 217 S. W. 2d 1017; Redding v. State, 149 Tex. Cr. R. 576, 197 S. W. 2d 357.

Under the rule stated, the admission of the testimony was error which requires a reversal of the conviction.

Appellant complains because he was not given notice of the state's motion to substitute the lost complaint in this case. He now has notice of the substitution. If a valid objection exists to that action, the appellant may present same upon another trial.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.