JOHN O. ROBERTS V. STATE

No. 27,336. January 26, 1955

*W. V. Dunnam, Jr.,* Waco, for appellant.

*Tom Moore, Jr.,* Criminal District Attorney, *Martin D. Eichelberger,* Assistant Criminal District Attorney, Waco, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of driving while intoxicated, and his punishment was assessed at 15 days in jail and a fine of $50.

In view of our disposition of the case, the state's evidence need not be set out.

Appellant testified that he was not drunk; that he did not use intoxicants in any form and had never taken a drink, and such testimony was supported by the testimony of his mother and two of his sisters .

E. C. Goodman, a witness for the appellant, testified that he had seen appellant suffering from epilepsy on several occasions.

By Bill of Exception No. 4, appellant contends that the trial court erred in permitting Officer Blackshear to testify that "The defendant never made the statement to me that he suffered from epilepsy," over his objection that the same was an attempt to use the silence of the defendant while under arrest as evidence against him.

The bill certifies that appellant was under arrest at all times when in Officer Blackshear's presence. The bill further certifies that it was appellant's defense, which was supported by the evidence, that appellant suffered an attack of epilepsy at the time and place in question and that he was not intoxicated.

The above testimony should not have been admitted because

it permitted the jury to consider appellant's silence while under arrest as evidence of guilt. Boggess v. State, 158 Texas Cr. R. 466, 257 S.W. 2d 111.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion aproved by the court.