Manuel CUELLAR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 59894.

Court of Criminal Appeals of Texas, Panel No. 3.

March 18, 1981.

Rehearing Denied April 15, 1981.

Aubrey L. Roberts, Jr., Sweetwater, for appellant.

Frank Ginzel, Dist. Atty., and Russell Carroll, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction of voluntary manslaughter. Following the finding of guilt, the jury assessed punishment at ten years.

In appellant's initial ground of error, he contends that the prosecutor's *questions* as to his post arrest silence as to a knife and gun that the deceased had was a violation of his constitutional rights under the due process clause to the Fourteenth Amendment to the United States Constitution. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). We agree.

■ On January 29, 1977, appellant, while attending a wedding reception, had an altercation with Benny Arrendondo. After some pushing and shoving, Arrendondo pulled a gun and appellant shot him. Subsequently, appellant was warned pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and chose to remain silent. At trial, the prosecutor, over the objection of the defense counsel, questioned appellant as to certain instruments or weapons which the appellant had never mentioned during pretrial silence. The general rule is that once the defendant voluntarily takes the stand before the jury he is suspect to the same rules as any other witness; he may be impeached, contradict-ed, made to give evidence against himself, cross-examined as to new matters, and treated in every respect as any other witness testifying in his behalf except when there are overriding constitutional or statutory prohibitions. *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980).

■ One of these exceptions was addressed by the Supreme Court of the United States in *Doyle v. Ohio,* supra. The use of the appellant's silence for impeachment purposes after the time of arrest and after he received *Miranda* warnings is a violation of the due process clause of the Fourteenth Amendment. Post arrest silence is insolubly ambiguous; moreover, it would be fundamentally unfair to allow an arrestee's silence to be used to impeach an explanation subsequently given at trial after he had been impliedly assured by the *Miranda* warnings that silence would carry no penalty. *Miranda v. Arizona,* supra.

■ The case before us parallels *Doyle* in that the prosecutor referred to appellant's post arrest silence by asking questions as to the weapons the deceased had on his person. Here, appellant chose to remain silent after receiving rights under *Miranda.* Therefore, the prosecutor's questions as to his post arrest silence was a violation of his constitutional rights.

The conviction is reversed and the cause remanded.