**Wendell Clayton CONWAY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–81–001–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 12, 1981.

Discretionary Review Refused
Jan. 20, 1982.

---

1. In this case, the relevant statute and sections are Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.02(b)(2)(J); 4.03(b)(1); 4.01(b)(1) (Vernon 1976).

36

Stan Brown, Brown, Ledbetter & Copeland, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., Abilene, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction for voluntary manslaughter. Trial was to a jury which assessed punishment at 12½ years in the Texas Department of Corrections. Wendell Clayton Conway appeals. We reverse and remand.

Appellant presents seven grounds of error. There is no challenge to the sufficiency of the evidence. In his first three grounds, he argues that the District Attorney's reference, on cross-examination and in closing argument, to his post-arrest silence constituted an abridgment of his constitutional rights under the due process clause of the 14th Amendment to the United States Constitution.

The conviction arose out of an incident occurring on the evening of September 23, 1980. At about 10:00 o'clock that evening appellant was at home and responded to a knocking at the front door. At the door was appellant's wife and Danny Ochoa who sought entry into the house. A shooting occurred inside the house which left Danny Ochoa dead. Soon after the shooting, police arrived at the scene and from their position outside the house advised the appellant to come out of the house with his hands up. Appellant followed their instructions and was ordered to lie down to be searched. Appellant, while being patted down, stated, "I don't have anything on me. It is in the house." He was asked if there was anybody in the residence, and he replied, "No, just the dude I shot." All of this occurred before appellant was advised of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Charges of murder were brought against the appellant. At trial, appellant admitted to shooting Danny Ochoa but pled not guilty on the basis that it was done in self-defense and in defense of his property.

During the course of the trial, the court sustained appellant's objections to questions propounded to police officers by the District Attorney when she asked whether appellant, prior to being advised of his rights, stated that, "I shot the dude in self-defense," or "he was trying to break into my house" or "anything of that nature, being threats or fear on his part." However, after the appellant testified that he shot Ochoa in self-defense, the following occurred on cross-examination:

Q  After the police got there, and you wanted them to come up on the porch and they said no you come out with your hands up, and you did?

A  Yes, ma'am.

Q  You told them that the gun was in the house and there wasn't anybody else in there but just the dude you shot; is that right?

A  Yes, ma'am.

Q  Do you not consider it odd, Mr. Conway, that at that point when you were saying that, that you didn't tell them that you were in fear of your life and the man was coming at you. And—

MR. BROWN: Your Honor, we will object to that as a comment on the pre-trial silence.

THE COURT: I will overrule the objection. He may answer.

MR. BROWN: Note our exception.

MISS ELLIOTT: Q And you did not, did you?

THE WITNESS: A No, ma'am, I didn't.

Q  Yet, you say you had been in fear for your life and for your house, and you didn't tell the police?

A  No, ma'am.

MR. BROWN: Again, Your Honor, we will object to that as a comment on the Defendant's pre-trial silence.

THE COURT: Overruled.

Then during closing argument, to which appellant objected, the District Attorney argued:

And, yet, I would like for you to go back and recall the testimony of the po-

lice officers. The police officers said when they told him to come out and lie down, I think it was Officer Spohn asked him—was patting him down and he said, "No, I don't have it on me; it is in the house." And he asked, "Is there anyone else in the house?"

"No, just the dude I shot." Not, "I am sorry I killed a man in self defense, he was coming at me."

In response to appellant's argument that the District Attorney's reference, on cross-examination and in closing argument, to his post-arrest silence constituted an abridgment of due process, the State first contends that the referred-to silence was pre-arrest. Alternatively, the State urges that even if the referred-to silence was post-arrest, it was the proper subject of impeachment because of appellant's subsequent claim of self-defense, and, furthermore, was the proper subject of comment as it was tantamount to res gestae.

■ First, we hold that such silence was clearly post-arrest. An arrest is complete when a person's liberty of movement is restricted or restrained. *Hardinge v. State*, 500 S.W.2d 870 (Tex.Cr.App.1973); *Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.App.1980). The record establishes that the silence to which the District Attorney referred occurred while appellant, on orders of the police, came out of the house with his hands up and while lying on the ground being patted down by one of the police officers. Appellant's liberty of movement was clearly restrained, and thus he was under arrest.

■ Next, we hold that as the referred-to silence was post-arrest, it was not the proper subject of comment by the District Attorney during cross-examination or closing arguments. *Hicks v. State*, 493 S.W.2d 833 (Tex.Cr.App.1973); *Harrison v. State*,

491 S.W.2d 920 (Tex.Cr.App.1973). The court in *Sharp v. State*, 153 Tex.Cr.R. 96, 217 S.W.2d 1017 (Tex.Cr.App.1949), considering the matter of a defendant's silence after arrest said:

After his arrest the state could not avail itself of his silence as evidence of guilt or as destructive of the explanation of his conduct.

■ The recent case of *Cuellar v. State*, 613 S.W.2d 494 (Tex.Cr.App.1981) states the general rule of the scope of cross-examination of a defendant who voluntarily takes the stand:

The general rule is that once the defendant voluntarily takes the stand before the jury he is subject to the same rules as any other witness, he may be impeached, contradicted, made to give evidence against himself, cross-examined as to new matters, and treated in every respect as any other witness testifying in his behalf except when there are overriding constitutional or statutory prohibitions. *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980).

One of these exceptions was addressed by the Supreme Court of the United States in *Doyle v. Ohio*, [426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)]. The use of the appellant's silence for impeachment purposes after the time of arrest and after he received *Miranda* warnings is a violation of the due process clause of the Fourteenth Amendment.

The case at bar is distinguishable from *Doyle* in that the silence to which the District Attorney referred occurred before giving of the *Miranda* warnings. While there is some confusion as to whether *Doyle* may be interpreted to apply to post-arrest, *pre-Miranda* silence,[1] the Texas cases do not make this distinction, but look only to

---

1. The Tenth Circuit said: "The Court did not however, reach the question of whether use of a defendant's silence for impeachment purposes during other post-arrest or pretrial periods violated the constitutional guarantees. *Doyle*, supra, 426 U.S. at 616, n.6, 96 S.Ct. at 2244, n.6." In the next paragraph the Tenth Circuit states: "If we *assume* that the ques- tions referred to post *Miranda* warning silence or if we *assume* that *Doyle* condemns *any* pre-trial silence, we must determine whether the questions of the United States Attorney were prejudicial." *United States v. Merryman*, 630 F.2d 780 (10th Cir. 1980) (Emphasis ours) See also Justice Stevens' dissent in *Doyle v. Ohio*, supra.

whether the silence being commented upon is post-arrest or not. *Harrison v. State,* supra; *Hicks v. State,* supra. While the facts of several of the cases present situations in which *Miranda* warnings have already been given, the case of *State v. Harrison,* supra, deals with a situation where the silence subsequently commented upon occurred prior to defendants receiving *Miranda* warnings. As recognized by the United States Supreme Court in *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), and by the Texas Court of Criminal Appeals in *Cuellar v. State,* supra, an arrestee's silence *before Miranda* warnings is equally "insolubly ambiguous" in light of the United States Supreme Court's holding in *Miranda v. Arizona,* supra. A defendant's post-arrest silence, then, may not be used for impeachment purposes, whether or not *Miranda* warnings have been given.

 As to the State's argument that the referred-to silence was the proper subject of impeachment because of appellant's subsequent claim of self-defense, we first note that it is true that a statement made by a defendant at time of arrest may be used on cross-examination as a prior inconsistent statement. *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980); *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980). However, this rule is not applicable in the instant case for two reasons. One, we are not concerned with statements made by defendant after arrest, but rather with the lack thereof. Second, nothing that appellant said at time of arrest was inconsistent with his subsequent claim of self-defense. At trial, appellant fully admitted to having shot the defendant. Such admission is wholly consistent with his statements at the time of arrest and not inconsistent with a claim of self-defense.

The State contends, however, that appellant's silence was the proper subject of cross-examination since under the circumstances, the appellant would reasonably have been expected to speak up concerning his claim of self-defense. The State cites *Ayers v. State,* supra, in support of its

position. This contention is without merit in light of our holding that the referred-to silence was post-arrest. *Ayers* is distinguishable because the silence referred to therein was pre-arrest. A defendant, even one not having been given his *Miranda* warnings, may remain silent upon arrest. *Miranda v. Arizona,* supra.

As to the State's "res gestae" argument, no case has been cited nor do we find any authority for the proposition that res gestae may be an excited *non* utterance. Statements made by a defendant at time of arrest are admissible under the "res gestae" exception to the hearsay rule where they are made spontaneously by a defendant in the excitement of the moment and did not result from questioning. *Nastu v. State,* 589 S.W.2d 434 (Tex.Cr.App.1979). Silence is not such a spontaneous, excited utterance as would justify the cross-examination and closing arguments in this case under the res gestae exception to the hearsay rule.

Finally, we note that there is a presumption of prejudicial error where a prosecutor comments on a defendant's post-arrest silence. *Doyle v. Ohio,* supra. The State, in the case at bar, has not attempted to show that the error was harmless. Furthermore, the error was emphasized by the State's jury argument.

The judgment is reversed and the cause remanded.