Charles Ray WEST, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01113–CR.

Court of Appeals of Texas, Dallas.

Dec. 30, 1983.

G.A. (Lee) Hight, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., for appellee.

Before AKIN, ALLEN and STEWART, JJ.

AKIN, Justice.

This appeal is from a conviction for burglary of a habitation for which the appellant was assessed a seven-year sentence. Appellant contends that the prosecutor committed error during argument when he stated:

> Officer Rossi told you, "Yeah, he had a conversation with this man." Subsequently—we weren't allowed to go into the contents of it, but don't you know that if someone knows that someone accused them of a crime—don't you know that this man, if he were innocent, would have said, "Look, I've got an alibi. I was—"

According to appellant, this argument was error because the prosecutor improperly commented on the appellant's exercise of his right against self-incrimination. In this respect, appellant's contention is that the prosecutor was commenting on the appellant's pre-arrest silence. We cannot agree that error was committed because the State has a right to comment on a defendant's pre-arrest silence. Accordingly, we affirm.

The appellant testified on cross-examination that a police officer had contacted him on the phone and had asked him to come down and discuss the burglary. After contacting a lawyer, the appellant did not go to the interview because the lawyer told him that the police were gathering information which could lead to his arrest. The appellant apparently made no mention to the officer of the alibi which he presented at trial. Thus, the appellant's contention is

actually that the prosecutor improperly argued his pre-arrest silence.

Appellant's contention is without merit because it was not error in this case for the prosecutor to comment on the appellant's pre-arrest silence.[1] In *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), the Supreme Court held that it is not a violation of the Fifth Amendment to impeach on cross-examination a testifying defendant by pointing out his pre-arrest silence. The Supreme Court noted that any burden placed on the defendant's Fifth Amendment privilege was outweighed by the State's right to test a defendant's credibility through cross-examination. The *Jenkins* court also concluded that cross-examination on a defendant's pre-arrest silence does not violate due process under the Fourteenth Amendment. In its due process analysis, the Supreme Court noted that a comment on a defendant's pre-arrest silence is a different matter from a comment on defendant's post-arrest silence which is prohibited. The basis of this distinction is that, when a defendant is given a *Miranda* warning after arrest, the State implies to a defendant that his silence will not be used against him, and it would be unfair for the State to renege on that implied promise by using the defendant's silence against him. Since no governmental inducement exists to remain silent in the pre-arrest context, no unfairness exists in using the defendant's silence.

Although *Jenkins* concerned cross-examination, its holding is equally applicable to jury argument. If the State has the right to develop facts before the jury on cross-examination, we see no reason why the State should not have the right to argue facts which the State had developed on cross-examination. However, the applicability of *Jenkins* to this case does not end our inquiry. The Supreme Court noted in

---

1. The appellant was not under arrest when he failed to come forward with his alibi. Arrest is defined in TEX.CODE CRIM.PROC.ANN. art. 15.22 (Vernon 1977). Art. 15.22 states:

   A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a war-

   rant of arrest, or by an officer or person arresting without a warrant.

   The appellant obviously was not restrained or taken into custody when he failed to appear for an interview with the arresting officer. *Conway v. State,* 625 S.W.2d 35, 38 (Tex.App.—Eastland 1981, pet. ref'd).

*Jenkins*: "Our decision today does not force any state court to allow impeachment through the use of pre-arrest silence. Each jurisdiction remains free to formulate evidentiary rules defining the situations in which silence is viewed as more probative than prejudicial."

■ The Texas rule concerning cross-examination and comment during argument on a defendant's silence is phrased differently than the rationale expressed in *Jenkins*. *Jenkins* held that post-arrest silence is ambiguous because a defendant may be silent due to his reliance on the *Miranda* warning. The Texas rule on post arrest silence provides that, irrespective of whether a *Miranda* warning is given, once a defendant is placed under arrest his silence may not be used. *Conway v. State*, 625 S.W.2d 35, 38–39 (Tex.App.—Eastland 1981, pet. ref'd). Post arrest silence is considered "insolubly ambiguous," because a defendant has a right to remain silent whether he is given a *Miranda* warning or not. *Cuellar v. State*, 613 S.W.2d 494 (Tex.Cr.App.1981); *Redding v. State*, 149 Tex.Cr.R. 576, 197 S.W.2d 357 (1946). However, we conclude that this difference between the Texas and Federal Rule on post-arrest silence does not prohibit a comment on pre-arrest silence in Texas.

Although we have found no case directly on point, there is authority from the Court of Criminal Appeals which indicates a pre-arrest silence has "probative" value which outweighs its "prejudicial" effect. In *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App. 1980) (*en banc*) a murder defendant testified that he shot his wife's lover in self defense and then blacked out and did not remember shooting his wife. However, the defendant had told his daughter soon after the murder that he had simply killed his wife and her lover while the lover sat with his hands in his lap and made no mention at that time of self-defense or blacking out. The prosecutor on cross-examination asked the defendant if it were not odd that he waited until trial to come forward with his assertion of self defense and also asked a police officer who met the defendant at the defendant's house if he had made any mention of acting in self defense. The prosecutor also noted in his argument that it was suspect that the defendant failed to include any of the exculpatory assertions he made at trial in his pre-arrest statement. The Court of Criminal Appeals noted that once a defendant takes the stand, he is subject to impeachment as is any other witness, although the scope of cross-examination may be restricted by constitutional considerations, such as in the post-arrest silence context. Furthermore, the court noted the relevance and the propriety of pointing out by cross-examination and argument inconsistencies between the statement made after the murder and the assertion of self defense at trial. Moreover, that court noted, citing from *Jenkins v. Anderson*, that commentary on "any silence on [the defendant's] part with respect to acting in self defense or blacking out was not the product of governmental assurance to remain silent," *Ayers v. State*, 606 S.W.2d at 940.

■ *Ayers* concerned the propriety of pointing out during cross-examination and argument that defendant failed to include, in a pre-arrest statement, an exculpatory assertion made at trial. We hold that it is equally proper to point out during cross-examination and argument that a defendant failed to present an alibi, which he asserted at trial, when an inquiry was made before arrest as to his possible involvement in the burglary. As was noted in *Franklin v. State*, 606 S.W.2d 818, 825 (Tex.Cr.App. 1979), "it is a general rule of evidence that the prior silence of a witness as to a fact to which he has testified, where such silence occurred under circumstances in which he would be expected to speak out may be used to impeach the witness during cross-examination...." If the appellant did have a valid alibi, it is reasonable that when the police sought to question him about the burglary he would have presented his alibi if he in fact were innocent. To hold otherwise would unduly hamper a prosecutor's ability to test the testimony of a defendant who takes the stand and

presents a defense. Furthermore, the suggestion that the appellant acted on advice of counsel should not close this area of inquiry. The jury can determine whether the advice of counsel was the real motivation for not stating an alibi and, thus, what weight should be given to the appellant's silence.

Affirmed.

