**William Lynn RICHARDSON,
Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–179–CR.**

Court of Appeals of Texas,
Fort Worth.

June 18, 1986.

Opinion on Rehearing Aug. 27, 1986.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., David L. Richards, Asst., Fort Worth, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

William Lynn Richardson appeals from his conviction by a jury of the murder of Judith Tipton, upon his plea of not guilty. The jury assessed his punishment at 25 years in the Texas Department of Corrections. He presents five grounds of error.

We affirm.

In ground of error number one, Richardson asserts that the trial court erred by not limiting the consideration of certain police officers' testimony to purposes of impeachment only.

The State presented evidence showing that the deceased, Judith Tipton, was shot by a short, dark-haired stranger in a bar, after she refused a command to leave the bar with him, and that Richardson was that man. The evidence included Richardson's written statement admitting that he had shot Judith Tipton. Richardson testified that Ernest Cheek had shot the victim with Cheek's pistol. In rebuttal, the State presented the testimony of Detectives Kenneth West and D.C. Smith of the Hurst Police Department, who testified that Richardson had never told them, during their interviews with him while taking his written statement, that Ernest Cheek had shot Judith Tipton and that Richardson had acknowledged ownership of the gun.

As an objection to the court's charge, Richardson requested a charge limiting the jury's consideration of the officers' rebuttal testimony solely to the consideration of Richardson's credibility. We see no basis for the charge that Richardson requests. He relies on the cases of *Henley v. State*, 387 S.W.2d 877, 880 (Tex.Crim.App.1964) (opinion on rehearing); *Hall v. State*, 164 Tex.Crim.R. 142, 297 S.W.2d 685 (1957); and *Carroll v. State*, 143 Tex.Crim.R. 269,

158 S.W.2d 532 (1942). All of these cases relate to the requirement of limiting instructions when the State has impeached its own witness. None of these cases are applicable here since Richardson was not a State's witness. We overrule ground of error number one.

■ In grounds of error numbers three and four, Richardson urges that the evidence is insufficient to establish that he knowingly or intentionally caused the death of Judith Tipton. The pertinent parts of Richardson's indictment read as follows:

William Lynn Richardson ... on or about the 4th day of June 1984, did then and there intentionally and knowingly cause the death of an individual, Judith Tipton, by shooting her with a firearm, PARAGRAPH TWO: And it is further presented in and to said court that the said William Lynn Richardson in the County of Tarrant and State aforesaid on or about the 4th day of June, 1984, did then and there intentionally with the intent to cause serious bodily injury to Judith Tipton, commit an act clearly dangerous to human life, namely, shoot her with a firearm, which caused the death of Judith Tipton, ...

In the court's charge to the jury they were authorized to convict Richardson under either paragraph of the indictment. The jury found that he was guilty of murder as charged in the indictment. Richardson does not present any ground of error attacking the sufficiency of the evidence to convict him under paragraph two of the indictment. Since there is no attack on the sufficiency of the evidence under paragraph two of the indictment, this Court need not consider whether the evidence is also sufficient to prove the alternative theory. *See Vasquez v. State,* 665 S.W.2d 484, 487 (Tex.Crim.App.1984). We overrule grounds of error numbers three and four.

In grounds of error numbers two and five, Richardson complains that the trial court erred in its charge in that it is impossible to determine whether the jury found Richardson guilty under the first or second paragraph of the indictment. He also urges that the charge is a comment on the evidence.

■ It is proper for an indictment to allege different ways of committing the offense in the conjunctive and for the jury to be charged disjunctively. *Id.* at 486.

■ No error in such a charge is preserved in the absence of an objection to the charge on insufficiency of the evidence or a motion to force the State to elect. *Id.* at 486–87. Richardson made no such objection or motion. We find there to be no error in the charge. We overrule grounds of error numbers two and five.

The judgment is affirmed.

## OPINION ON MOTION FOR REHEARING

Upon rehearing, Richardson presents to us the case of *Ballard v. State,* 464 S.W.2d 861 (Tex.Crim.App.1971), a case which did not involve the State's impeachment of its own witness. Ballard was convicted of fondling. At trial Ballard denied "messing around" with little children. The State impeached him by presenting evidence of extraneous offenses with other children. These extraneous offenses were not admissible for any purpose other than to impeach him or to show his lascivious intent. The opinion holds that it was error to refuse to give an instruction limiting the jury's consideration of the testimony.

In the case at bar, the testimony given relates to the offense at bar, not extraneous offenses. Consequently, Richardson's reliance on *Ballard* is misplaced.

Richardson also relies on the cases of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Cuellar v. State,* 613 S.W.2d 494 (Tex.Crim.App.1981); and *Conway v. State,* 625 S.W.2d 35 (Tex.App.— Eastland 1981, pet. ref'd). All of these cases are distinguishable in that they all hold that the State may not use the defendant's post-arrest silence against him, even for impeachment purposes. These cases are not applicable to the case at bar because in the instant case Richardson

waived his right to remain silent and gave a written confession and made oral statements which were inconsistent with his testimony at trial. In the *Conway* case, cited by Richardson, the defendant had also made statements, but the statements made were not inconsistent with his trial testimony. Since Richardson did not remain silent, his statements, once admitted into evidence, are admissible for all purposes, not just for impeachment. There was no indication that the evidence was admitted for the limited purpose urged by Richardson in this appeal. In any event, if there were any error, we find it to be harmless in view of Richardson's written statement which is inconsistent with and contains no mention of the theory which he presented at trial.

Richardson also requests that our opinions in this case be published. We grant that request and order the original opinion and this opinion published.

Except for granting the request to publish the opinions, Richardson's motion for rehearing is overruled.