COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-275-CR
  
  
EFRAIN SALAZAR                                                                  APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 396TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant, 
Efrain Salazar, appeals from his murder conviction. In three points, appellant 
complains that the evidence is legally insufficient to support his conviction; 
that the trial court erred by overruling his objection to the State’s 
questions on post-arrest silence; and that the State deprived him of a fair 
trial by injecting questions of religion into the prosecution of the case. We 
affirm.
FACTS
        Bose 
Williams and appellant are both members of rival gangs. Williams and appellant 
have known each other since childhood and fought with each other over the years 
regarding differences and gang affiliations. Most recently, Williams and 
appellant fought a few months before the night Leslie Sturges was killed.
        On 
April 6, 2001, around midnight, Williams was at the Dallas Food Store on 
Rosedale buying beer. While Williams was standing in the store’s parking lot 
talking to some friends, appellant arrived in a white Buick LeSabre. After 
exchanging words, appellant and Williams began fighting. The fight continued 
until Sturges (Williams’s friend) stepped in to break it up.
        After 
the fight ended, appellant walked back to his car. Williams and Sturges began 
walking away from the store. As Williams was walking down the sidewalk he heard 
a car come up behind him and accelerate. Appellant struck Williams with his car 
and knocked him down. As appellant drove his car “full speed” over the curb, 
he also hit Sturges from behind. Appellant drove away from the scene of the 
accident without stopping to help. Sturges died from injuries he sustained when 
he was hit by appellant’s car.
        At 
trial for Sturges’s murder, appellant testified on his own behalf. He stated 
that cars were blocking the exit to the store, so he was forced to drive 
straight ahead toward Williams and Sturges. He testified that he thought they 
would get out of the way. At one point during his testimony, appellant admitted 
hitting Sturges, but denied hitting Williams. At another point, he said he did 
not plan to hit anyone and was just trying to get away. The jury convicted 
appellant of murder and sentenced him to forty-five years' confinement.
LEGAL SUFFICIENCY
        In 
his first point, appellant complains that the evidence is legally insufficient 
to support his conviction for murder. In reviewing the legal sufficiency of the 
evidence to support a conviction, we view all the evidence in the light most 
favorable to the verdict in order to determine whether any rational trier of 
fact could have found the essential elements of the crime beyond a reasonable 
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. When performing a legal sufficiency review, we may not sit as 
a thirteenth juror, re-evaluating the weight and credibility of the evidence 
and, thus, substituting our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
determining the legal sufficiency of the evidence to show an appellant's intent, 
and faced with a record that supports conflicting inferences, we “must presume 
—even if it does not affirmatively appear in the record —that the trier of 
fact resolved any such conflict in favor of the prosecution, and must defer to 
that resolution.” Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 
1991). The verdict may not be overturned unless it is irrational or unsupported 
by proof beyond a reasonable doubt. Id.
        Under 
the penal code, a person commits the offense of murder if he: (1) intentionally 
or knowingly causes the death of an individual; or (2) intends to cause serious 
bodily injury and commits an act clearly dangerous to human life that causes the 
death of an individual. Tex. Penal Code 
Ann. § 19.02(b) (Vernon 2003). The jury was instructed accordingly. The 
court also instructed the jury, that pursuant to the doctrine of transferred 
intent, a party is criminally liable for causing a result if the only difference 
between the desired result and the actual result is that a different person was 
injured or otherwise affected. Id. § 6.04(b).
        Although 
appellant admitted to killing Sturges by striking him with his car, he denies 
that he had the requisite intent to harm either Sturges or Williams. A person's 
intent to commit an offense generally must be established by circumstantial 
evidence and may be inferred from the person's acts, words, and conduct. Hernandez 
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), cert. denied, 
504 U.S. 974 (1992); see also Davis v. State, 955 S.W.2d 340, 349 (Tex. 
App.—Fort Worth 1997, pet. ref'd). A person acts intentionally with respect to 
the nature of his conduct or as a result of his conduct when it is his conscious 
objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a). Likewise, a person acts 
knowingly with respect to the nature of his conduct or to circumstances 
surrounding his conduct when he is aware of the nature of his conduct or the 
circumstances surrounding it. Id. § 6.03(b). A person also acts 
knowingly with respect to a result of his conduct when he is aware that his 
conduct is reasonably certain to cause the result. Id.
        In 
the case at bar, the evidence shows that appellant and Williams shared animosity 
for each other for years, were members of rival gangs, and had fought with each 
other multiple times prior to the night that Sturges was killed. Appellant 
testified that Williams jumped out of the way before the car reached him. 
Williams testified that he heard appellant’s car accelerate as it came up 
behind him.
        Two 
witnesses on the scene[1] testified that they saw 
appellant aim his car at Williams by driving it full speed over the curb and 
onto the sidewalk, instead of taking one of the exits out of the parking lot. 
Sheanette Leonard, one of the witnesses, testified that appellant’s car 
“went right after the men.” Takeia Scott, another witness, testified that 
after appellant hit Sturges, the body fell on the hood of appellant’s car, hit 
the windshield, and was hit by the back of the car as appellant drove over the 
curb. Both Leonard and Scott observed that appellant could have left the parking 
lot out of the exit instead of driving over the curb onto the sidewalk. 
Additionally, Scott testified that she heard laughter coming from appellant’s 
car as he drove away from the scene.
        Viewed 
in a light most favorable to the verdict, the evidence showed that appellant 
acted with the requisite intent to cause serious bodily injury and committed an 
act clearly dangerous to human life resulting in death. Therefore, the evidence 
was sufficient to support appellant’s conviction for murder. We overrule 
appellant’s first point.
POST-ARREST SILENCE
        In 
his second point, appellant complains that the trial court erred by overruling 
his objection to the State’s questions on post-arrest silence. While appellant 
was testifying the prosecution asked:
  
Q. When you got to the police 
station, did you just spill your guts to the detective, here's what happened, 
let me tell you what happened, Detective Waters?
 
A. No, sir.
 
Q. And why not?
 
A. I didn't know what to say. 
I was scared.
 
Q. Didn't know what to say so 
you said nothing, right?
 
[DEFENSE COUNSEL]: Object, 
Your Honor. He has a constitutional right not to have to say anything.
 
THE COURT: Overruled.
 
[PROSECUTOR]: Well, 
[appellant], if this was an accident, wouldn't you want to climb up on the 
tallest mountain and yell it to everyone who could hear, it was an accident? 
Wouldn't a reasonable person do that?
 
A. It could.

        A 
criminal defendant may be cross-examined and impeached as any other witness when 
he takes the witness stand. Cisneros v. State, 692 S.W.2d 78, 83 (Tex. 
Crim. App. 1985); Cuellar v. State, 613 S.W.2d 494, 495 (Tex. Crim. App. 
1981). This general rule, however, is qualified by any overriding constitutional 
or statutory prohibitions. Cuellar, 613 S.W.2d at 495; see also 
Cisneros, 692 S.W.2d at 83. The State may not use post-arrest, or pre- or 
post-Miranda silence to impeach or discredit an exculpatory theory 
elicited for the first time at trial. See Doyle v. Ohio, 426 U.S. 
610, 611, 96 S. Ct. 2240, 2241 (1976); Sanchez v. State, 707 S.W.2d 575, 
580 (Tex. Crim. App. 1986); Cisneros, 692 S.W.2d at 84; Cuellar, 
613 S.W.2d at 495.
        Nonetheless, 
the defendant's right to remain silent and not have that silence used against 
him at trial is a forfeitable right. Miller v. State, 939 S.W.2d 681, 687 
(Tex. App.—El Paso 1996, no pet.). Consequently, a defendant must object in 
order to preserve complaints concerning the admission of evidence showing his 
pre- and post-arrest silence. Wheatfall v. State, 882 S.W.2d 829, 836 
(Tex. Crim. App. 1994); Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. 
App. 1986); Cisneros, 692 S.W.2d at 83 (all holding defendants' 
complaints concerning use of pre- and post-arrest silence waived in absence of 
objection).
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 
U.S. 1070 (1999). Further, the trial court must have ruled on the request, 
objection, or motion, either expressly or implicitly, or the complaining party 
must have objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2). To preserve error, a party 
must continue to object each time the objectionable evidence is offered. Fuentes 
v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 
U.S. 1026 (1999); Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. 
App. 1991). A trial court’s erroneous admission of evidence will not require 
reversal when other such evidence was received without objection, either before 
or after the complained-of ruling. Leday v. State, 983 S.W.2d 713, 718 
(Tex. Crim. App. 1998). This rule applies whether the other evidence was 
introduced by the defendant or the State. Id.
        In 
the case at bar, appellant failed to object to the State’s first question 
asking appellant “did you just spill your guts to the detective” at the 
police station. Although appellant did object to the State’s next question, he 
also failed to object when later asked, “if this was an accident, wouldn't you 
want to climb up on the tallest mountain and yell it to everyone who could hear, 
it was an accident? Wouldn't a reasonable person do that?” Because appellant 
failed to object to the admission of substantially similar testimony, he has 
failed to preserve error on this issue. See id.
        Additionally, 
we note that appellant did not maintain post-arrest silence. After his arrest, 
appellant told Detective Waters that the car was located at his home at 916 
Conner. The State cannot improperly comment upon a defendant’s post-arrest 
silence when he did not remain silent. Maxson v. State, 79 S.W.3d 74, 76 
(Tex. App.—Texarkana 2002, pet. ref’d); Wearren v. State, 877 S.W.2d 
545, 547 (Tex. App.—Beaumont 1994, no pet.). For the foregoing reasons, we 
overrule appellant’s second point.
RELIGIOUS COMMENTS
        In 
his third point, appellant claims that the State deprived him of a fair trial by 
injecting questions of religion into the prosecution of the case. Appellant 
concedes that he failed to preserve this complaint for our review because he did 
not object to the State's line of questioning. See Tex. R. App. P. 33.1(a)(2). Even so, appellant urges 
this court to address this point because the “repugnancy of this behavior 
warrants” a discussion. Regardless of whether the prosecutor’s line of 
questioning was appropriate, we may not address the merits of an unpreserved 
complaint. Therefore, we overrule appellant’s third point.
CONCLUSION
        Having 
overruled all three of appellant’s points, we affirm the trial court's 
judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
PANEL F:   LIVINGSTON, 
HOLMAN, and GARDNER, JJ.
 
PUBLISH
 
DELIVERED: January 29, 2004


NOTES
1. Neither 
witness was acquainted with Williams or appellant.