IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-75,263
 





EX PARTE DONALD C. HEIDELBERG, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS
 FROM HARRIS COUNTY




 Hervey, J., filed a dissenting opinion in which Keasler, J., joined. 



DISSENTING OPINION 



 I respectfully dissent. The Court decides, as a matter of federal constitutional law, that
applicant's trial counsel provided constitutionally deficient performance (1) by failing to object to the
prosecution's use of applicant's post-arrest, but pre-Miranda, (2) silence for impeachment purposes
because "the trial court would have been obliged, under long-standing precedent from this Court,
to sustain" this objection. See Ex parte Heidelberg, slip op. at 15 (Tex.Cr.App. No. AP-75,263,
delivered this date) (not designated for publication).

 I disagree. For this "long-standing precedent," the Court's opinion relies almost exclusively
on a lead, three-judge plurality opinion in this Court's fragmented decision in Sanchez v. State, 707
S.W.2d 575 (Tex.Cr.App. 1986) (Miller, J., joined by Davis and Teague, JJ.). See Heidelberg, slip
op. at 14 n.33, 15 n.37. (3) In Sanchez, Presiding Judge Onion concurred only in the result without an
opinion (4) and Judge Clinton also separately concurred with another opinion but joined only the
Court's judgment. (5) And, Judge McCormick wrote a dissenting opinion which three other judges
joined. See Sanchez, 707 S.W.2d at 586-97 (McCormick, J., dissenting, joined by Davis, Campbell,
and White, JJ.). Of all the opinions in Sanchez, Judge McCormick's dissenting opinion received the
most votes. (6) However, none of the opinions in Sanchez have any precedential value because none
of them received the assent of at least five judges and it is not possible to determine the narrowest
grounds upon which a majority concurred in the judgment. (7)

 Sanchez, therefore, cannot fairly be characterized as "long-standing precedent." And, even
if it could be considered to have some precedential value, this Court later implicitly overruled the
lead, three-judge plurality opinion in Sanchez in Thomas v. State, which decided that the meaning
of "compulsion" in Article I, Section 10, of the Texas Constitution, is comparable in scope to its
meaning in the federal constitution. See Thomas v. State, 723 S.W.2d 696, 704 (Tex.Cr.App. 1986)
(maj. op.). Thomas is binding precedent because it is a majority opinion.

 The point of this discussion is not to attempt to put forth a resolution of the question of
whether the use of applicant's post-arrest silence for impeachment purposes constituted compelled
self-incrimination under the Texas Constitution. The point is that, after reading the various opinions
in cases such as Sanchez and Thomas, it can fairly be said that this is not, and never has been, a
settled area of law. Under these circumstances, the only thing that can be stated with any certainty
is that, under long-standing precedent, applicant's trial counsel did not perform deficiently by failing
to object on the basis of this unsettled area of law. See Ex parte Bahena, 195 S.W.3d 704, 707
(Tex.Cr.App. 2006) (attorney not liable for error in judgment on unsettled proposition of law); Ex
parte Chandler, 182 S.W.3d 350, 357-59 (Tex.Cr.App. 2005) (same); Vaughn v. State, 931 S.W.2d
564, 567 (Tex.Cr.App. 1996) (same).

 I respectfully dissent.

 Hervey, J.


Filed: November 15, 2006

Do Not Publish

1. See generally Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
2. See Doyle v. Ohio, 426 U.S. 610 (1976) (prosecution cannot use a defendant's post-Miranda
silence for impeachment purposes because of the "fundamental unfairness of implicitly assuring a
suspect that his silence will not be used against him and then using his silence to impeach an
explanation subsequently offered at trial"); Miranda v. Arizona, 384 U.S. 436 (1966) (prosecution's
use of suspect's custodial statement when suspect has not been informed of his right to remain silent
creates irrebuttable presumption that suspect has been compelled to incriminate himself).
3. The Court's opinion does refer to a quote in Sanchez from this Court's decision in Redding
v. State, 197 S.W.2d 357 (1946). See Heidelberg, slip op. at 14 n.36. Redding applied older case-law which apparently made a distinction between the state using a defendant's post-arrest silence
"when presented in rebuttal of evidence offered in defense and cases in which the state has taken the
initiative and made proof for the purpose of using the silence of the accused as a weapon of attack
upon him." See Redding, 197 S.W.2d at 357. It is, therefore, not at all clear whether this older case-law supports applicant since the prosecution used his silence "in rebuttal of evidence offered in
defense." 
4. See Sanchez, 707 S.W.2d at 582 (Onion, P.J., concurring in the result).
5. See Sanchez, 707 S.W.2d at 582-85 (Clinton, J., separately concurring and joining the
judgment of the Court).
6. Judge McCormick's dissenting opinion, however, did not announce the judgment of the
Court because the two concurring judges (Presiding Judge Onion without an opinion and Judge
Clinton with an opinion) supported the result reached by the lead, three-judge plurality opinion
(Judges Miller, Davis and Teague). 
7. See Nichols v. U.S., 511 U.S. 738, 745 (1994) (when a fragmented court decides a case and
no single rationale explaining the result enjoys the assent of five judges, the court's holding may be
viewed as that position taken by those judges who concurred in the judgments on the narrowest
grounds).